**UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

PATRICIA A. KARSNER                                               PLAINTIFF

   v.                                          Civil Action No. 3:17CV-772-DJH

COMMONWEALTH OF KENTUCKY
Andy Beshear, Attorney General
1024 Capital Center Drive
Frankfort, KY  40601                          Plaintiff demands trial by jury.

WARREN TOOLEY                                                    DEFENDANTS
8003 Woodfern Way
Louisville, Kentucky 40291

KELLY JOSEPH
Child Protective Services
916 N. Mulberry Street, #140
Elizabethtown, Kentucky 42701

**COMPLAINT**

Now comes the Plaintiff, PATRICIA A. KARSNER, by and through her attorneys, JEFFREY A. SEXTON and JOHN BYRNES, and in complaining against Defendants, the COMMONWEALTH OF KENTUCKY, WARREN TOOLEY and KELLY JOSEPH, pleading hypothetically and in the alternative, states as follows:

**PARTIES**

11.     At all relevant times herein, Plaintiff PATRICIA A. KARSNER ("KARSNER") was a citizen of the United States and a resident of Radcliff, Kentucky, situated within Hardin County, Kentucky.

12.     At all relevant times herein, Defendant WARREN TOOLEY ("TOOLEY") was a citizen of the United States and a resident of Louisville, Kentucky, situated within Jefferson County, Kentucky.

13.     At all relevant times herein, Defendant KELLY JOSEPH was a fieldworker social worker with the COMMONWEALTH OF KENTUCY'S Kentucky Cabinet for Health and Family Services, Child Protective Services, assigned to the field office in Elizabethtown, Kentucky (Hardin County), and as such, an employee and agent of the COMMONWEALTH OF KENTUCKY.

14.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution and under the common law of the Commonwealth of Kentucky against KELLY JOSEPH, individually and officially; under the Fourteenth Amendment to the United States Constitution against the COMMONWEALTH OF KENTUCKY; and, under the common law of the Commonwealth of Kentucky against WARREN TOOLEY, individually.

## **FACTS**

15.     This cause of action arises out of the unlawful taking and removal of Plaintiff's minor children from her custody by court order based on the collusion and conspiracy of Defendants TOOLEY and JOSEPH to fabricate deceptive, misleading and false testimony and evidence presented to the Jefferson Circuit Court Division Ten (10) (a.k.a. "Family Court") that both TOOLEY and JOSEPH had substantiated a litany of child abuse/neglect allegations.

16.     Defendants TOOLEY and JOSEPH both presented Affidavits (Exhibits 1 and 2 hereto) to the Family Court with the intent to deceive and with intentional or reckless disregard for the truth.

17.     On December 21, 2016, a Final Order (Exhibit 3 hereto) was entered dismissing the child abuse/neglect charges levied by TOOLEY and JOSEPH and further ordering that the Plaintiff's name "shall not be placed on the Central Registry with regard to this matter."

18.     It is Plaintiff's belief and understanding that JOSEPH no longer is employed by the COMMONWEALTH OF KENTUCKY.

19.     TOOLEY and Plaintiff have never been married and have been engaged in an acrimonious battle over custody of their two minor children for almost eighteen (18) years.  When the change of

custody hearing took place based on the false Affidavits of TOOLEY and JOSEPH, the Family Court judge ordered the minor children be removed from Plaintiff in favor of TOOLEY.  TOOLEY then sent the Radcliff Police Department to Plaintiff's home on a claim of custodial interference where Radcliff Police officers Stephens and Hooker broke Plaintiff's left arm leaving her permanently disabled.

**COUNT I —42 U.S.C. §1983**
**(14th Amendment Violation – Denial of Due Process)**

10.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 9 as though fully set forth herein.

11. The aforementioned conduct of defendant JOSEPH, as an agent and employee of the COMMONWEALTH OF KENTUCKY acting under color of law, constituted a violation of the Plaintiff's Due Process protection under the 14th Amendment by trampling on the Plaintiff's clearly established right to be free from deception in the presentation of evidence during a protective custody proceeding and the Plaintiff's clearly established constitutional right to be free from the knowing presentation of false or perjured evidence.

12.     The actions of JOSEPH were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

13.     The actions of the defendant JOSEPH were undertaken with malice, willfulness, and reckless indifference to the constitutional rights of others.

14. As a result of defendant JOSEPH'S knowing presentation of false or perjured evidence, plaintiff KARSNER experienced conscious pain and suffering.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendant JOSEPH awarding compensatory damages, including past, present and future medical expenses, mental and physical pain and suffering, attorneys' fees pursuant to 42 U.S.C. § 1988, and punitive damages against defendant JOSEPH, in her individual and official capacities, and the COMMONWEALTH OF KENTUCKY and for any further relief this Court deems just.

## COUNT II — MALICIOUS PROSECUTION

15. Plaintiff hereby adopts and re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. The child abuse/neglect charges against Plaintiff have been resolved in her favor (see Exhibit 3 hereto).

17. That by reason of the TOOLEY'S and JOSEPH'S collective and respective individual intentional failure(s) to use any reasonable care to ascertain the truth behind the salacious child abuse/neglect allegations, or, in the alternative, their intentional fabrication of evidence and testimony, and therefore lacking probable cause, Plaintiff was caused to be injured, experiencing extreme and severe physical and emotional suffering, and sustained damages of a personal and pecuniary nature, as a result of the actions of JOSEPH, as an agent and employee of the COMMONWEALTH OF KENTUCKY, and TOOLEY when instituting the change of custody proceeding in Family Court based and submitting false Affidavits.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendants, WARREN TOOLEY, COMMONWEALTH OF KENTUCKY, and JOSEPH awarding compensatory damages, including past present and future medical expenses, attorneys' fees pursuant to 42 U.S.C. §1988 and punitive damages against defendant JOSEPH and TOOLEY in their individual capacities, and the COMMONWEALTH OF KENTUCKY and for any further relief this Court deems just.

## COUNT III — ABUSE OF PROCESS

18. Plaintiff hereby adopts and re-alleges paragraphs 1 through 17 as though fully set forth herein.

20.    TOOLEY, individually, and JOSEPH, individually and as an agent and employee of the COMMONWEALTH OF KENTUCKY, swore out Affidavits that contained (1) defamatory language, (2) about the Plaintiff, (3) which was published, and (4) which caused injury to the Plaintiff's reputation especially with the Family Court judge who ruled against Plaintiff and removed her children from Plaintiff.

21.    Said Affidavits with intentional or reckless disregard for the truth of the salacious allegations of child abuse/neglect contained therein, which defamed the Plaintiff caused Plaintiff to be injured, experiencing extreme and severe pain and physical and emotional suffering, and sustained damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendants, WARREN TOOLEY, KELLY JOSEPH and the COMMONWEALTH OF KENTUCKY, awarding compensatory damages, including past present and future medical expenses, attorneys' fees pursuant to 42 U.S.C. §1988 and punitive damages against defendants TOOLEY and JOSEPH in their individual capacities, and the COMMONWEALTH OF KENTUCKY and for any further relief this Court deems just.

## COUNT IV — DEFAMATION

22.    Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 as though fully set forth herein.

23.     That by reason of TOOLEY'S hasty, angry and intentional swearing out of an Affidavit containing salacious allegations of child abuse/neglect with zero basis in fact and zero probable cause against Plaintiff, and JOSEPH'S collusion (as an agent and employee of the COMMONWEALTH OF KENTUCKY) with TOOLEY by swearing out an Affidavit with intentional or reckless disregard for the truth of the salacious allegations of child abuse/neglect contained therein, TOOLEY and JOSEPH caused Plaintiff to be injured, experiencing extreme and severe pain and physical and emotional suffering, and sustained damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendants, WARREN TOOLEY, KELLY JOSEPH and the COMMONWEALTH OF KENTUCKY, awarding compensatory damages, including past present and future medical expenses, attorneys' fees pursuant to 42 U.S.C. §1988 and punitive damages against defendants TOOLEY and JOSEPH in their individual capacities, and the COMMONWEALTH OF KENTUCKY and for any further relief this Court deems just.

### COUNT V— Respondeat Superior

24. Plaintiff hereby adopts and re-alleges paragraphs 1 through 23 as though fully set forth herein.

25.     In committing the acts alleged in the preceding paragraphs, including violation of the Plaintiff's 14th Amended Due Process rights, the defendant JOSEPH was an employee of the COMMONWEALTH OF KENTUCKY'S Cabinet for Health and Family Services, Child Protective Services, and acting as an agent thereof and acting at all relevant times within the scope of her employment.

26. Defendant COMMONWEALTH OF KENTUCKY is liable as principal for all torts committed by its agents.

27. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendants, WARREN TOOLEY, KELLY JOSEPH and the COMMONWEALTH OF

KENTUCKY, awarding compensatory damages, including past present and future medical expenses, attorneys' fees pursuant to 42 U.S.C. §1988 and punitive damages against defendants TOOLEY and JOSEPH in their individual capacities, and the COMMONWEALTH OF KENTUCKY and for any further relief this Court deems just.

Respectfully submitted,

_____/s/ Jeffrey Sexton_____
Jeffrey A. Sexton, Attorney
John Byrnes, Attorney
325 West Main Street, Suite 150
Louisville, KY  40202
(502) 893-3784 Voice
(800) 524-3139 Fax
Attorneys for Plaintiff